# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MICHELLE LYNN BYTE | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-09-365-SPS |
| AMERICAN COMMERCE INSURANCE COMPANY | ) |
| Defendant. | ) |

## OPINION AND ORDER
## DENYING MOTION TO REMAND

The Plaintiff was injured in an automobile accident and sued the other driver in the District Court of Wagoner County. She later added the Defendant American Commerce Insurance Company (her uninsured/underinsured motorist insurance carrier) to the action and settled with the other driver. Upon dismissal of the other driver, the Defendant removed the action to this court pursuant to 28 U.S.C. § 1332(a)(1), citing diversity of citizenship between itself and the Plaintiff. The Plaintiff objects to removal and seeks remand of the action to the state court, claiming that the amount in controversy herein does not exceed $75,000.00. For the reasons set forth below, the Court finds that the Plaintiff's Combined Response in Opposition to Defendants Notice of Removal and Motion to Remand [Docket No. 11] should be DENIED.

Prior to filing suit against the Defendant, the Plaintiff's attorneys sent a letter to the Defendant's adjuster detailing $31,788.72 in medical expenses and demanding $250,000.00 in settlement. No settlement was reached, so the Plaintiff amended her state court suit to add a claim against the Defendant for failure to deal fairly and in good faith

in refusing to pay her claim. The parties argue at length about the jurisdictional significance of this settlement demand, *i. e.*, the Defendant claims that it is sufficient to establish that the amount in controversy herein is in excess of $75,000.00 (even though the Plaintiff's amended petition contained only a general demand of an amount in excess of $10,000.00), while the Plaintiff characterizes it as "a generic demand of settlement" and contends that it should not define the amount in controversy because the Plaintiff summarily rejected it. In this regard, the Court would observe that "a proposed settlement amount *is relevant evidence* of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) [emphasis added], *citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Any doubt about whether the Plaintiff's pre-litigation settlement demand was a "reasonable estimate" of her claim under *McPhail* is dispelled by her statement in the motion to remand that she was "making a good faith effort to resolve this matter" in tendering the offer. *See* Docket No. 11, p. 2.

In any event, the Plaintiff is suing the Defendant for bad faith by an insurer and seeking damages for serious physical injury, medical expenses, economic loss, mental anguish and economic distress. The medical expense portion of these actual damages alone is $31,788.72. The Plaintiff also seeks unspecified punitive damages, which are included in determining the amount in controversy. *See, e. g., Burrell v. Burrell,* 229 F.3d 1162, 2000 WL 1113702, at *2, (10th Cir. 2000) ("It is permissible for Burrell's claim of punitive damages to be included in the jurisdictional amount.") [unpublished

opinion], *citing Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). The Court therefore finds that the amount in controversy here exceeds $75,000.00 (whether or not the Plaintiff expects to recover the $250,000.00 she demanded before filing suit against the Defendant), as it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Accordingly, the Plaintiff's Combined Response in Opposition to Defendants Notice of Removal and Motion to Remand [Docket No. 11] is in all things hereby DENIED.

**IT IS SO ORDERED** this 16th day of November, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**